In re INTERCONTINENTAL
SECURITY CORP., Debtor.

Phillip LEVEY, Trustee of the Estate of Intercontinental Security Corp., John Redfield, Trustee in Bankruptcy of Anthony Cairo and First National Bank of Cicero as Trustee Agreement 7911, 7912, and 7913, Plaintiffs,

v.

CONTINENTAL CASUALTY
COMPANY, Defendant.

No. 84 C 3266.
Adv. No. 83 A 2906.

United States District Court,
N.D. Illinois, E.D.

July 9, 1986.

Raymon A. Grossman, Lincolnwood, Ill., for plaintiffs.

James T. Crotty, James S. Stickles, Jr., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

This diversity action for breach of a fire insurance policy comes before the court on defendant's renewed motion for summary judgment.

In December, 1982, a fire of suspicious origin damaged property belonging to Intercontinental Security Corp. ("Intercontinental") and insured by defendant Continental Casualty Co. ("Continental"). The policy at issue provides that among other "Requirements in Case of Loss" which must be satisfied before Continental is bound to pay a claim, "the insured, as often as may be reasonably required, shall ... submit to examinations under oath...."

Because Continental suspected arson, it sought to take the examination under oath of Intercontinental's sole shareholder and chief operating officer, Anthony Cairo, before paying Intercontinental's claim. The undisputed evidence shows that the parties agreed to schedule Cairo's examination in ten two-hour sessions. The sessions were to be brief because of Cairo's poor health, but numerous because of the nature of Intercontinental's claims, which initially concerned four separate insurance policies.

Cairo appeared for four of the scheduled sessions, none of which included questions about the origin of the fire, then refused to submit to further examination. As a result, Continental refused to pay Intercontinental's claims. Intercontinental subsequently entered bankruptcy, and its trustee, plaintiff Phillip Levey, brought this action against Continental for breach of the policy. Cairo is no longer an employee of Intercontinental.

Continental moved for summary judgment on the ground that Cairo's refusal to complete the examination under oath constituted a failure to comply with a condition precedent for recovery under the terms of the policy. The court denied this motion after receiving Levey's assurance that Cairo would complete the examination. (Minute order of July 20, 1985.) Subsequent to that decision, however, Cairo again refused to complete the examination, indicating that he was unwilling to make statements that might prejudice his interests in a pending grand jury investigation of the fire. Continental then filed this renewed motion for summary judgment.

Levey argues in response to the motion that because Cairo is no longer Intercontinental's employee, his refusal to complete the examination cannot be imputed to Intercontinental's trustee for the purposes of this action. That argument fails.

■ Because Cairo initially refused to complete his examination under oath while he was still Intercontinental's sole shareholder and chief operating officer, his refusal may clearly be imputed to Intercontinental. That Cairo is now beyond the control of Intercontinental and its trustee does not excuse Intercontinental's failure to comply with the terms of the policy when it had the opportunity to do so.

■ Levey's rights as trustee are no greater than those of Intercontinental, *see Matter of Gebco Investment Corp.*, 641 F.2d 143, 146 (3rd Cir.1981), and Intercontinental's failure to comply with the condition precedent for recovery under the policy bars Levey's action, *see Roberto v.*

*Hartford Fire Insurance Co.*, 177 F.2d 811, 815 (7th Cir.1949).

The motion for summary judgment is allowed.

IT IS SO ORDERED.